EXHIBIT A

# United States District Court
# District of Massachusetts
# U.S. Pretrial Services Office

## Electronic Monitoring Conditions

I, <u>Vincent Gioacchini</u> Case No. <u>03-10356-MLW</u>, understand that I have been placed in the electronic monitoring program as a condition of my pretrial release. I further acknowledge that I will comply with the rules of this program as well as any additional conditions set by the Court as requirements for my pretrial release.

I shall reside at <u>192 Cottage Street in East Boston, MA</u>, telephone number <u>617-569-4884</u>, until I receive permission of the Court to change my residence.
I acknowledge the following conditions:

1. I must have a telephone at my residence. I understand that I may not have special phone services/equipment (i.e. call waiting, call forwarding, answering machine, cordless phone, etc.)

2. I understand that I am required to remain at the above address at all times unless granted prior approval (48 hour advance notice) by the Pretrial Services Officer in the following circumstances:

   <u>State court proceedings, attorney contacts, and medical emergencies</u>

3. In the event of an emergency, I will attempt to notify Pretrial Services at (617) 748-9213 or 1-800-759-8888 (PIN <u>#2173364</u>) prior to leaving the above address. I will contact Pretrial Services immediately about this emergency upon the earliest opportunity. I will be expected to provide documented proof of the emergency.

4. I will provide Pretrial Services with copies of medical appointment verifications and such documentation as may be required.

5. I understand that to insure compliance with the program I will be monitored by a tamper-proof, non-removable ankle bracelet which I agree to wear 24 hours a day during the entire period of my participation. I understand that this monitoring will be accomplished by a receiver attached to my residence telephone connected electronically by common carrier to a computer at Securicor EMS, Inc. I may also receive random telephone calls and personal visits by a Pretrial Services Officer which I agree to respond as directed.

6. I agree to notify Pretrial Services immediately of telephone or equipment failure.

7. I acknowledge that the loss of a receiving signal, the receipt of a tamper signal, or the receipt of a signal indicating absence from the residence, is evidence of a violation. Physical evidence indicating the monitoring device has been tampered with is a violation. I agree that a violation determined by the monitoring equipment will be considered evidence of a bail violation and a computer printout will be used as evidence in a violation hearing.

8. I agree to hang up the telephone immediately when I hear a clicking sound caused by the receiver/dialer. I will inform my caller that I will call back in five minutes. My family and I agree to limit calls to five minutes and leave the telephone open for five minutes between each call. In no case will the telephone be taken off the hook.

9. I realize that it will be necessary for the monitoring device to be attached to my residence telephone and that it will be necessary during the period of this program for Pretrial Services Officers to maintain or inspect this equipment as they determine necessary.

10. I understand that I will be held responsible for any damage, other normal wear, to the equipment installed in my residence. If I do not return the equipment, or do not return it in good condition, I will be charged for its replacement or repair. I further understand that the United States and Securicor EMS, Inc. are not liable for any damage incurred as a result of my wearing or tampering with the monitoring device.

11. The charges incurred for telephone calls from my residence phone and the expenses incurred for electricity used to monitor my participation shall be paid by me.

12. Additional conditions/instructions:

    <u>As indicated in bail papers issued by U.S. District Court Judge Mark L. Wolf</u>

I have read or had read to me the above and have been given an opportunity to request clarification from the Pretrial Services Officer. I understand the procedures I am to follow. I understand that if I should violate any of these terms it will be deemed a violation of my pretrial release and I shall be subject to arrest and return to court as a violator subject to additional penalties. I fully understand these rules and I will abide by them.

_____        _____
**Participant**                                    **Date**


_____        _____
**Pretrial Services Officer**                      **Date**

EXHIBIT B

Carmine T. D'Amelio, a/k/a Junior

Joseph Zampanti

Ronald Zampanti

Joseph Young

Michael Stoyko

Vincent Roberto

Chris Kotsiopoulos

Michael Dezotell

Richard Citrano

Robert Ciolfi, a/k/a Bezeek

Mark Petralia

Anthony Musto

Kevin Keegan

Dominic Santoro, Jr.

Howard Levenson

James Katz

Paul Ciccolo

Frederick Sarno

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State                Telephone

## Directions to United States Marshal

( ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____

_____
Signature of Judicial Officer

_____
Name and Title of Judicial Officer

WHITE COPY - COURT    YELLOW - DEFENDANT    BLUE - U.S. ATTORNEY    PINK - U.S. MARSHAL    GREEN - PRETRIAL SERVICES