UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

**UNITED STATES**

**VS.**

**FREDERICK A. SIMONE,**
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

**VINCENT C. GIOCCHINI,**
a/k/a DEE DEE; and

**FRANCIS WHITE, a/k/a**
THE WHITE-HAIRED GUY

## MOTION TO SUPPRESS PHYSICAL EVIDENCE NO. 2
## DERIVED FROM ELECTRONIC SURVEILLANCE WITH WARRANT
### (Wiretap)

Now come the defendants, Frederick Simone, Vincent C. Giocchini and Francis White, in the above numbered indictment and moves this Court for an order suppressing for use in evidence all recorded and electronically intercepted telephonic communications made by the defendant and any other person which conversations were intercepted pursuant to warrants issued by a Justice of the Middlesex Superior Court within the Commonwealth of Massachusetts in accordance with applications submitted pursuant to M.G.L. Chapter 272 §99.

Said applications and warrants were submitted and issued on September 1, 2000 authorizing interception of telephone conversations of defendant, Simone, and other named individuals on telephone number 508-788-1035; subscribed by Frederick Simone; September 19, 2000, telephone number 508-272-0298; September 19, 2000, telephone number 508-788-1035; October 4, 2000, telephone number 508-272-0298; October 4, 2000, telephone number 508-788-1035; October 19, 2000, telephone number 508-272-0298; October 19, 2000, telephone number 508-788-1035; October 24, 2000, telephone number 508-272-0298; October 24, 2000, telephone number 508-788-1035[1], November 10, 2000, telephone number 508-

---

[1] On October 20 and 24 and November 10 and 22 a warrant authorized the placement of a "bug" in the defendant's home. This is addressed in Motion to Suppress No.3.

272-0298; November 10, 2000, telephone number 508-788-1035, November 22, 2000, telephone number 508-272-0298; November 22, 2000, telephone number 508-788-1035.

The defendants submit that the warrant as issued and renewed was issued in violation of Title III as well as M.G.L. Chapter 272 §99 under which the intercept order was issued in that;

Pursuant to §2518 (10)(a), the defendants are all an "aggrieved person" who may seek suppression of evidence obtained from the electronic surveillance since they were a party to the interceptions as well as the persons against whom the interception was directed.

Pursuant to §2518 (10)(a) request is made of this Court that a hearing be held to determine the legality of such interceptions pursuant to the warrant in that;

    a.)    the communications were unlawfully intercepted;

    b.)    the order of the Court authorizing the interception was insufficient on its face.

The defendants aver that the September 1, 2000 affidavit was insufficient in its presentation of facts to permit a finding of probable cause to believe that the defendant, Simone, and the other named alleged co-conspirators were engaged in extortion, criminal usury and illegal gaming. The affidavit stands upon statements made by Robert Luisi, Jr. and six confidential unnamed informants. The defendants submit that the apparent bias Luisi harbors against the defendants coupled with his motive to prevaricate undercuts any reliability that he has. Further, the confidential informants do not set forth sufficient indicia of reliability or credibility. The information provided is rumor, innuendo and poetic license coupled with wild speculation and is not sufficiently reliable or credible to form the basis of a finding of probable cause.

Further, the defendants aver that there was insufficient evidence that regular means of law enforcement surveillance and investigation was used and failed, satisfying the "necessity" requirement as a predicate to using the intrusive tool of electronic surveillance. There was no evidence that normal investigative techniques were tried and failed or were not likely to succeed.

Further, the defendants submit that the interception of communication over a cell phone was illegal and in violation of Title III of the Omnibus Crime Control And Safe Streets Act of 1968, 18 U.S.C. §2510, et. seq.

WHEREFORE the defendants, Simone, Giocchini and White move that all evidence obtained pursuant to the interception of telephonic communications over the defendant's telephone as well as cell phone be suppressed. Included in this reference is all evidence derived therefrom as well as all evidence obtained by renewal, extension or subsequent surveillance which is a product of said initial interception.

Appendix to Motion to Suppress No. 2 will be hand delivered to the Clerk's Office.

        Frederick Simone
        By his attorney

        /s/Kevin J. Reddington

        Francis White,
        By his attorney

        /s/ Richard M. Egbert, Esq.

        Vincent C. Giocchini,
        By his attorney

        /s/ Robert George, Esq.