4

**REQUEST NO. 8**

On the morning of 7/24/97 while you kept constant supervision of me here at the MCI-Cedar Junction prison basement called the "new man section" at cell #2, between the hours of 8:30 a.m. and 9:35 a.m., you saw Lt. Jones conduct a thorough search of my naked body to see if I had any possible weapons on me?

**RESPONSE NO. 8**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 9**

On the morning of 7/24/97 between the hours of 8:30 a.m. and 9:35 a.m. here at the MCI-Cedar Junction prison basement called the "new man section" at cell #2 you personally saw that I was let loose of both my hand and leg restraints and was free of them for some minutes at a time?

**RESPONSE NO. 9**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 10**

On the morning of 7/24/97 between the hours of 8:30 a.m. and 9:35 a.m. here at the MCI-Cedar Junction prison basement

called the "new man section" while you kept a constant supervision of me you say that my Miranda Rights were allegedly given to me by special investigator Robert McGuiness and IPS Commander Nelson Julius before I was booked, photographed and fingerprinted?

**RESPONSE NO. 10**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 11**

You have been convicted of a felony?

**RESPONSE NO. 11**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 12**

You had written complaints lodged against you by prisoners in the past since becoming a correctional guard?

**RESPONSE NO. 12**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, admit.

**REQUEST NO. 13**

You been convicted of a misdemeanor?

**RESPONSE NO. 13**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 14**

You had lawsuits filed against you in the past since becoming a correctional guard?

**RESPONSE NO. 14**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, admit.

**REQUEST NO. 15**

You been internally investigated for wrongdoing since becoming a correctional guard?

**RESPONSE NO. 15**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16**

You been reprimanded in the past since becoming a correctional guard?

**RESPONSE NO. 16**

7

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 17**

Since given higher rank and/or position, you've been demoted in the past since becoming a correctional guard?

**RESPONSE NO. 17**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

Signed under the pains and penalties of perjury this 25TH day of October 2004.

_____
Patrick M. Mulvey

Objections:

_____
Stephen G. Dietrick
Deputy General Counsel
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110-1300
Tel. (617) 727-3300 Ext. 116
B.B.O. #123980

Exhibit F"



Exhibit F"

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

JOSEPH D. CLARK                          No. 00-11314

    Plaintiff,

    v.

JOHN JONES, et al.,

    Defendants.

## JEFFREY GRIMES' RESPONSES TO PLAINTIFF'S FIRST SET OF ADMISSIONS

### REQUEST NO. 1

Is it normal practice for you to order the solid steel door open of an inmate's cell when you and that's inmate are engaged in heavy threatening languish (sic) and the inmate tells you that he is refusing to cuff up before he speaks to a Captain or Lieutenant?

### RESPONSE NO. 1

Defendant is unable to admit or deny this request as he does not understand it.

### REQUEST NO. 2

Is it the policy that prison guards at this Walpole prison forego notifying their superiors all the way up to the superintendent that we have an inmate who is refusing to cuff up while secured in his cell behind locked steel doors and not

arrange for the formulation of a move team so that the refusing inmate can be forcefully removed from his cell?

## RESPONSE NO. 2

Deny.

## REQUEST NO. 3

Have you ever been under any criminal investigations for wrongdoing since becoming a correctional prison guard?

## RESPONSE NO. 3

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

## REQUEST NO. 4

Have you ever had lawsuits filed against you by any prisoners?

## RESPONSE NO. 4

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

## REQUEST NO. 5

Have there ever been any internal investigations done upon you for any wrongdoing since becoming a correctional prison guard?

## RESPONSE NO. 5

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 6**

With all do respects Sir, are you a homosexual?

**RESPONSE NO. 6**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence, and intended to harass. Without waiving the objection, deny.

**REQUEST NO. 7**

Where (sic) you present in the MCI-Cedar Junction prison modular unit in the early morning hours of 7/22/97 anytime between 4:00 a.m. and 7:00 a.m. while accompanied by your fellow IPS officers when I was brought to this modular unit from the West Wing Segregation block known as (10 Block)?

**RESPONSE NO. 7**

Admit.

**REQUEST NO. 8**

Have you ever been investigated for allegedly assaulting any inmate(s) since becoming a correctional guard?

**RESPONSE NO. 8**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9**

Have there ever been any complaints of any kind written against you by any of your fellow correctional guards since you becoming a correctional officer?

**RESPONSE NO. 9**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 10**

You have the sole discretionary power to issue a job to an inmate while being a regular correctional guard without that inmate first being approved by higher staff member?

**RESPOSE NO. 10**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 11**

Isn't it true that you have been investigated for engaging in sexual activities with male inmates since becoming a correctional guard?

**RESPONSE NO. 11**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 12**

Is it customary practice to have leg irons and handcuffs while a team of IPS officers are conducting cell shakedowns of a unit in the prison?

**RESPONSE NO. 12**

Deny.

**REQUEST NO. 13**

Is it true that you keep a logbook record account of all workers that are assigned to work detail in a unit you are in charge of?

**RESPONSE NO. 13**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 14**

Isn't it true that at approximate 9:00 a.m. on the morning of 9/28/02 you came by my cell here at the DDU Segregation bock C2 Tier, cell #138?

**RESPONSE NO. 14**

After reasonable inquiry, the information known or readily obtainable to defendant is insufficient to enable him to admit or deny.

**REQUEST NO. 15**

Is it fair to say that since 1997 since I was sent over here to DDU Segregation Unit you have came with 15 feet of my physical presence on more than five (5) occasions even though I have remained behind closed doors during these encounters?

**RESPONSE NO. 15**

Defendant objects to Request No. 15 as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, admit.

**REQUEST NO. 16**

Have you been convicted of a felony?

**RESPONSE NO. 16**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 17**

Have you been convicted of a misdemeanor?

**RESPONSE NO. 17**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 18**

Brian Ladouceur told you that I had attacked him on the day when the incident occurred 7/24/97 whereby you got cut?

**RESPONSE NO. 18**

Deny.

**REQUEST NO. 19**

You been given a reprimand in the past as an employee for the DOC?

**RESPONSE NO. 19**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20**

You have spoken to me here at this MCI-Cedar Junction prison since the day of the 7/24/97 incident in which you, me, officers Ladouceur and Rodriguez were involved in?

**RESPONSE NO. 20**

Deny.

**REQUEST NO. 21**

You say it was you who ordered my solid steel door opened and not Officer Ladouceur here at the modular unit in MCI-Cedar Junction prison on the morning of 7/24/97 regarding the incident which you, me, Officers Ladouceur and Rodriguez were involved in?

8

**RESPONSE NO. 21**

Deny.

**REQUEST NO. 22**

Inmates have lodged written complaints against you in the past since becoming a correctional guard?

**RESPONSE NO. 22**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, admit.

Signed under the pains and penalties of perjury this 10/25/04 day of October 2004.

_____
Jeffrey Grimes

Objections:

_____
Stephen G. Dietrick
Deputy General Counsel
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110-1300
Tel. (617) 727-3300 Ext. 116
B.B.O. #123980

Exhibit G "



UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

JOSEPH D. CLARK                           No. 00-11314

     Plaintiff,

     v.

JOHN JONES, et al.,

     Defendants.

### ALEX RODRIGUEZ'S RESPONSES TO PLAINTIFF'S FIRST SET OF ADMISSIONS

#### REQUEST NO. 1

On the morning of 7/24/97 at about 8:00 a.m. you were the third officer that entered my cell #202 at the modular unit at MCI-Cedar Junction when the incident occurred whereby two officers go cut, one being Jeffrey Grimes the other Brian Ladouceur?

#### RESPONSE NO. 1

Admit.

#### REQUEST NO. 2

On the early morning of 7/22/97 at approximately 5:00 a.m. or so you and another IPS officer came to my cell at West Wing Segregation Unit and escorted me in leg irons and shackles to the modular unit at MCI-Cedar Junction and placed me in cell #202?

**RESPONSE NO. 2**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 3**

You knew that Officer Grimes was part of the IPS team's operation that were moving prisoners out of the West Wing Segregation Unit and other parts of the prison in the early morning hours on 7/22/97?

**RESPONSE NO. 3**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 4**

That you saw Officer Grimes being present at the modular unit early in the morning hours on 7/22/97 when you escorted me from 10 Block to said modular unit then placed in cell #202?

**RESPONSE NO. 4**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 5**

On the morning of 7/24/97 when I was placed in restraints following the incident with Officers Grimes, Ladouceur and

yourself, you had hands on escort of my being taken to the prison basement called (the new man section)?

**RESPONSE NO. 5**

Deny.

**REQUEST NO. 6**

You saw blood all over the bed linen which covered the mattress on the bed on the morning of 7/24/97 following the incident that occurred between Officers Grimes, Ladouceur and yourself?

**RESPONSE NO. 6**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 7**

You been demoted since being given higher position status from the time you became a correctional officer?

**RESPONSE NO. 7**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence.  Without waiving the objection, deny.

**REQUEST NO. 8**

You've been reprimanded on more than one occasion since becoming a correctional guard?

**RESPONSE NO. 8**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

## REQUEST NO. 9

You been convicted of a felony?

## RESPONSE NO. 9

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

## REQUEST NO. 10

You been convicted of a misdemeanor?

## RESPONSE NO. 10

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

## REQUEST NO. 11

You been internally investigated for wrongdoing since becoming a correctional guard?

## RESPONSE NO. 11

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

## REQUEST NO. 12

You had complaints lodged against you by prisoners since becoming a correctional guard?

**RESPONSE NO. 12**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, defendant states that after reasonable inquiry the information known or readily obtainable by him is insufficient to enable him to admit or deny this request.

**REQUEST NO. 13**

You had inmates whom brought suit against you in the past since you became a correctional guard?

**RESPONSE NO. 13**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 14**

At all times during the melee on the morning of 7/24/97 whereby Officers Grimes, Ladouceur, myself and you were involved, you saw a weapon in my hands?

**RESPONSE NO. 14**

Deny.

6

**REQUEST NO. 15**

It is customary practice for you to carry handcuffs and leg irons when your deploying as an IPS team member to conduct cell shakes of a unit?

**RESPONSE NO. 15**

Deny.

Signed under the pains and penalties of perjury this 27TH day of October 2004.

_Alex Rodriguez Jr_
Alex Rodriguez

Objections:

_Stephen G. Dietrick_
Stephen G. Dietrick
Deputy General Counsel
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110-1300
Tel. (617) 727-3300 Ext. 116
B.B.O. #123980

Exhibit H "



Exhibit I"



UNITED STATES DISTRICT COURT

Exhibit I"

FOR THE

DISTRICT OF MASSACHUSETTS

JOSEPH D. CLARK

No. 00-11314

    Plaintiff,

    v.

JOHN JONES, et al.,

    Defendants.

## BRIAN LADOUCEUR'S RESPONSES TO PLAINTIFF'S FIRST SET OF ADMISSIONS

### REQUEST NO. 1

You told investigative IPS Officer Julius that I had attacked you on the day of the incident 7/24/97 in which myself, you, Officers Grimes and Rodriguez were involved in?

### RESPONSE NO. 1

Deny.

### REQUEST NO. 2

You voluntarily told the Norfolk County grand jury that the weapon you saw on my cell floor on the day the incident took place with me, you, Officers, Grimes and Rodriguez was a toothbrush handle with hat seemed like blades melted onto it? Now when you described this weapon you did so at your own free will without being coached to give this answer right?

**RESPONSE NO. 2**

Admit.

**REQUEST NO. 3**

You have physically put your hands on me numerous times since the day of the incident of 7/24/97 in which you, me, Grimes and Rodriguez were involved in whereby you got cut on your elbow?

**RESPONSE NO. 3**

Deny.

**REQUEST NO. 4**

You have spoken several times to me in this MCI-Cedar Junction prison since the day of the incident of 7/24/97 which you, me Grimes and Rodriguez were involved in?

**RESPONSE NO. 4**

Deny.

**REQUEST NO. 5**

On the morning of 7/24/97 at approximately 8:00 a.m. or so when the IPS officers entered your unit to conduct a cell search of the modular unit cells, you saw handcuffs and leg irons were present to be used on inmates whom were locked in their cells if needed?

**RESPONSE NO. 5**

After reasonable inquiry, the information known or readily obtainable by defendant is insufficient for him to admit or deny this request.

### REQUEST NO. 6

You saw blood all over the linen that was covering the mattress which was on the bed on the morning of the incident of 7/24/97 which involved you, me, Officers Grimes, Ladouceur and Rodriguez?

### RESPONSE NO. 6

Deny.

### REQUEST NO. 7

On the morning of 7/24/97 when the incident transpired between you, me, Officers Grimes and Rodriguez, you saw a weapon in my hands?

### RESPONSE NO. 7

Admit.

### REQUEST NO. 8

You say that you ordered my solid steel door open instead of Officer Grimes on the day of the incident of 7/24/97 at approximately 8:00 a.m. in the modular unit here at MCI-Cedar Junction?

### RESPONSE NO. 8

Deny.

### REQUEST NO. 9

You been convicted of a felony?

**RESPONSE NO. 9**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 10**

You been convicted of a misdemeanor?

**RESPONSE NO. 10**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 11**

You been internally investigated for wrongdoing since becoming a correctional guard?

**RESPONSE NO. 11**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 12**

You've had lawsuits filed against you by prisoners in the past since becoming a correctional guard?

**RESPONSE NO. 12**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 13**

Since being promoted, you've been reduced in ranking since becoming a correctional guard?

**RESPONSE NO. 13**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 14**

Since becoming a correctional guard you've been reprimanded in the past?

**RESPONSE NO. 14**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

**REQUEST NO. 15**

You remember me being subdued in hand and foot restrains way before Officer Rodriguez entered the cell on the day 7/24/97 in the morning when the incident occurred whereby you got cut on your elbow?

**RESPONSE NO. 15**

Deny.

10/29/04  11:41 FAX

6

**REQUEST NO. 16**

You had complaints written against you by prisoners since becoming a correctional guard?

**RESPONSE NO. 16**

Defendant objects to this request as irrelevant, overly broad, and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.

Signed under the pains and penalties of perjury this _____ day of October 2004.

_Brian Ladouceur_  10/29/04
Brian Ladouceur

Objections:

_Stephen G. Dietrick_
Stephen G. Dietrick
Deputy General Counsel
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110-1300
Tel. (617) 727-3300 Ext. 116
B.B.O. #123980