UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-10356-MLW |
| ) | |
| VINCENT C. GIOACCHINI, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WOLF. D.J.

WHEREAS, the federal grand jury of this District returned an Indictment (hereafter, the "Indictment") charging Defendant VINCENT GIOACCHINI ("GIOACCHINI" or "Defendant") with, among other offenses, RICO and RICO conspiracy, in violation of 18 U.S.C. § 1962;

WHEREAS, the Indictment also charged that, upon conviction, Defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1963(a):

> (i) all interests the defendants have acquired and maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;
>
> (ii) all interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over, any enterprise which the defendants have established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and
>
> (iii) all property constituting, and derived from, any proceeds which the defendants obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962. The property to be forfeited by the defendants pursuant to Title 18, United States Code, Section 1963, and subparagraphs (i) through (iii) of this paragraph, includes, but is not limited to,

all of the defendants' joint and several interests in the following assets:

(a) Approximately $750,000 in United States currency; ...

WHEREAS, the Indictment charged further that:

If any of the property described in paragraph 2 of these forfeiture allegations as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act or omission of the defendants --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of all other property of the defendants up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

WHEREAS, Section 6 of GIOACCHINI's plea agreement provides:

Defendant agrees to forfeit to the United States, at the time of sentencing, $7,500 in United States currency or negotiable instruments, all of which constitute proceeds of the racketeering activity charged in Counts One and Two of the Indictment.

WHEREAS, GIOACCHINI has pleaded guilty to Counts One and Two (Racketeering Acts 6, 7, 8, 10, and 11), and substantive Counts Seven, Eight, Nine, Ten, and Twelve of the Indictment, and this Court has accepted his plea;

WHEREAS, as was set forth, without objection, during the

change of plea hearing, the agreed amount of $7,500 is forfeitable upon GIOACCHINI's conviction because it constitutes property that was used in connection with an illegal criminal enterprise;

WHEREAS, the United States has moved for entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. All of Defendant's interests in the subject $7,500 (the "Forfeited Asset") are hereby forfeited to the United States of America for disposition pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

2. The Defendant shall turn the Forfeited Asset over to the United States pursuant to the plea agreement and this Order. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to take the Forfeited Asset into custody.

3. The Forfeited Asset is to be held by the United States in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c), the United States shall publish at least once for three successive weeks in the Boston Herald, or any other

newspaper of general circulation in this district, notice of this Order and of the intent of the United States to dispose of the Forfeited Asset.

5. To the extent practicable, the United States shall give direct written notice to any person known to have alleged an interest in the Forfeited Asset.

6. Such notice shall state (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Asset, shall within thirty (30) days of the final publication of the notice, or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of the asserted interest in the Forfeited Asset; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Asset, the time and circumstances of the petitioner's acquisition of any such right, title, or interest, and additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n), incorporated by 18 U.S.C. § 982(b)(1), following the Court's disposition of all petitions filed under subsection 853(n), or, if no such petitions are filed, following the expiration of the period provided for

the filing of such petitions, the United States of America shall have clear title to the Forfeited Asset. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Forfeited Asset.

                                                  */s/ Mark L. Wolf*
                                        MARK L. WOLF
                                        United States District Court Judge

DATED: March 7, 2005