UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v. )<br>)<br>VINCENT C. GIOACCHINI, )<br>          Defendant. ) | CRIMINAL NO. 03-10356-MLW |

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Final Order of Forfeiture in the above-captioned case, pursuant to Title 18, United States Code, Section 1963.  In support thereof, the United States sets forth the following:

    1.   On or about March 7, 2005, Defendant Vincent Gioacchini ("Gioacchini" or the "Defendant") pled guilty to, <u>inter alia</u>, racketeering in violation of 18 U.S.C. § 1962 (Counts One and Two, Racketeering Acts 6, 7, 8, 10, and 11, of the Indictment returned against him and others on November 20, 2003).

    2.   In his written plea agreement, Gioacchini agreed to forfeit approximately seven thousand five hundred dollars ($7,500) in United States currency.

    3.   Counts One and Two of the Indictment charged Gioacchini with unlawfully and knowingly conducting and participating, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in and the activities of which

affected interstate commerce and foreign commerce, through a pattern of racketeering activity and the collection of unlawful debt, in violation of 18 U.S.C. § 1962.  The relevant Criminal Forfeiture Allegations set forth at pages 100-101 of the Indictment charged that upon conviction, Gioacchini:

> shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 1963(a):
>
> (i) all interests the defendants have acquired and maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;
>
> (ii) all interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over, any enterprise which the defendants have established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and
>
> (iii) all property constituting, and derived from, any proceeds which the defendants obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.  The property to be forfeited by the defendants pursuant to Title 18, United States Code, Section 1963, and subparagraphs (i) through (iii) of this paragraph, includes, but is not limited to, all of the defendants' joint and several interests in the following assets:
>
> (a) Approximately $750,000 in United States currency; ...

The Indictment charged further that:

> If any of the property described in paragraph 2 of these forfeiture allegations as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act or omission of the defendants --
>
> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred to, sold to, or deposited with a third party;

>    (c) has been placed beyond the jurisdiction of this Court;
>
>    (d) has been substantially diminished in value; or
>
>    (e) has been commingled with other property which cannot be divided without difficulty;
>
>    it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of all other property of the defendants up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

Section 6 of Gioacchini's plea agreement provides:

>    Defendant agrees to forfeit to the United States, at the time of sentencing, $7,500 in United States currency or negotiable instruments, all of which constitute proceeds of the racketeering activity charged in Counts One and Two of the Indictment.

   4.   On or about March 7, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 1963 and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interests in $7,500 in United States currency that Gioacchini had agreed to forfeit in his plea agreement.

   5.   On or about June 16, 2005, this Court sentenced Gioacchini to a term of 41 months incarceration, and included the forfeiture of $7,500 in United States Currency in its Judgment in a Criminal Case.

   6.   On or about June 30, 2005, and pursuant to the terms of his plea agreement, Gioacchini turned over $7,500 in U.S. currency (the "Forfeited Asset") to the Internal Revenue Service.

7.  On November 9, 2005, November 16, 2005, and November 23, 2005, a Notice of Order of Forfeiture was published in the <u>Boston</u> <u>Herald</u> newspaper pursuant to 18 U.S.C. § 1963(l).

8.  No other claims of interest in the Forfeited Asset have been filed with the Court, and the time within which to do so has expired.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order of Forfeiture against the Forfeited Asset. A Proposed Order is submitted herewith for the convenience of the Court.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                      BY:  <u>/s/ Kristina E. Barclay</u>
                           ERNEST S. DINISCO
                           KRISTINA E. BARCLAY
                           Assistant U.S. Attorneys
                           1 Courthouse Way, Suite 9200
                           Boston, MA  02210
                           Telephone: (617) 748-3100

Date: January 19, 2006

**CERTIFICATE OF SERVICE**

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion for Final Order of Forfeiture, as well as a proposed Final Order of Forfeiture, was served upon Robert A. George, Sr., Esquire, Robert A. George & Associates, PC, 77 Newbury Street, Boston, Massachusetts 02116, as counsel for Defendant Vincent Gioacchini, by first class mail, postage prepaid.

                                          Kristina E. Barclay
                                          Assistant U.S. Attorney

Date: January 19, 2006